## SHEPHERD v WADE et

Ohio Appeals, 9th Dist, Summit Co

No 2611. Decided Feb 11, 1936

Howard L. Weaver, Akron, and Paul W. Vale, Akron, for plaintiff in error.

Harry F. Clarke, Akron, for defendants in error.

**OPINION**

By STEVENS, J.

A subsequent promise to pay a debt, in order to impose a liability upon a discharged bankrupt, must be distinct and unequivocal.

**Turner v Chrisman, Admr., 20 Ohio 333.**

In this case we do not find the claimed subsequent promise to have been proved to be a distinct and unequivocal promise to pay this debt, and therefore defendant's motion made at the close of all of the evidence should have been sustained, and the trial court erred in overruling said motion.

Moreover, assuming that Shepherd made the subsequent promise which Hays testified he did make, it seems to us a fair inference to be drawn, from all of the evidence, that said promise, if made, was not a voluntary one, but was induced by coercion exercised upon Shepherd by his foreman at the Mohawk Tire & Rubber Co., and therefore said promise was of no legal force in reviving Shepherd's obligation to pay said account.

The judgment of the Municipal Court is reversed, and this court proceeding now to render the judgment which the trial court should have rendered, orders that final judgment in favor of Shepherd and against Wade and Hays, be entered, at the costs of Wade and Hays.

FUNK, PJ, and WASHBURN, J, concur in judgment.